FILED
SEP 28 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DOUGLAS R. and JOANNE R. COLKITT, Plaintiffs, | ) | |
| v. | ) | Civil Number ________ |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Douglas R. and Joanne R. Colkitt (hereinafter the "Plaintiffs"), bring this suit against the United States of America (hereinafter the "Defendant"), and in support thereof say as follows:

**OVERVIEW**

1. This is a tax dispute arising under the Internal Revenue Code, Title 26 of the United States Code, Sections 6401, 6402, 6511, and 6513, in which the Plaintiffs seek a refund of excess estimated tax deposits for the calendar tax years 1999, 2000, and 2001 of $2,297,388.80, $2,754,635.27, and $994,048.00, respectively (for a total refund of excess estimated tax payments of $6,046,072.07, plus applicable statutory interest).

2. The Plaintiffs have filed their 2002, 2003, and 2004 federal income tax returns with the Internal Revenue Service, and are expecting refunds of $110,773.00, $3,015.00, and $106,659.00, respectively (for a total refund of $220,447.00, plus applicable statutory interest). There are no unusual tax transactions reflected on the filed 2002, 2003, or 2004 federal tax

returns (such as tax shelters and the like). The filed 2004 federal income tax return reflects an ordinary loss of $16,279,896.00, and a net long term capital loss of $10,887,532.00.

3. Jurisdiction is conferred upon this Court by Title 28, United States Code, Section 1491, and Title 26, United States Code, Section 7422.

4. The Plaintiffs are citizens of the United States of America, and currently reside at 3118 Dick Wilson Drive, Sarasota, Florida 34240.

5. The Defendant is the United States of America.

**COUNT ONE**
**(1999 Tax Year)**

6. Plaintiffs reincorporate the allegations set forth in paragraphs 1 through 5 above, as if fully set forth herein.

7. During 1999, Plaintiffs' employers and others withheld federal income taxes of $33,919.00, which are deemed to be paid on April 15th, 2000, pursuant to Title 26, United States Code, Section 6513. (*See* the Wage and Income Transcript attached hereto as Exhibit A, and incorporated herein by this reference).

8. Also during 1999, Plaintiffs' employers withheld excess social security tax in the amount of $6,820.00, which is deemed to be paid on April 15th, 2000, pursuant to Title 26, United States Code, Section 6513.

9. On or about January 14, 2004, Plaintiffs made an estimated tax deposit with the Sarasota, Florida office of the Internal Revenue Service of $477,450.24 for the 1999 tax year.

10. On or about January 14, 2004, Plaintiffs made an additional estimated tax deposit with the Sarasota, Florida office of the Internal Revenue Service of $1,819,938.56 for the 1999 tax year.

11. The estimated tax payments discussed in paragraphs 9 and 10 above are reflected as being received by the Internal Revenue Service on its official Account Transcript for the Plaintiffs' 1999 federal income tax return (a true copy of which is attached hereto as Exhibit B, and incorporated herein by this reference).

12. On or about March 15th, 2004, the Internal Revenue Service prepared a substitute for return for the Plaintiffs' 1999 federal income tax return.

13. On December 3rd, 2004, the Plaintiffs filed their 1999 federal income tax return (hereinafter in this Count One the "1999 claim for refund") reflecting a refund due of $2,336,846.00 by overnight courier delivery service to the Sarasota, Florida office of the Internal Revenue Service (a true copy of which is attached hereto as Exhibit C, and incorporated herein by this reference).

14. The 1999 claim for refund was filed with the Sarasota, Florida office of the Internal Revenue Service on December 3rd, 2004. All conditions precedent have been performed or have occurred with respect to the 1999 claim for refund.

15. The name, address and social security numbers of the Plaintiffs appearing on the 1999 claim for refund are as follows (Social Security Numbers are redacted pursuant to General Order No. 42A, effective November 4, 2004):

DOUGLAS R. AND JOANNE R. COLKITT
3118 DICK WILSON DRIVE
SARASOTA, FLORIDA 34240
SSN FOR HUSBAND: XXX-XX-4759
SSN FOR WIFE: XXX-XX-5787

16. The Plaintiffs did not request any extensions to the filing date for the 1999 federal income tax return. (*See* Exhibit B)

17. Under the general rule of Title 26, United States Code, Section 6511(a), the Plaintiffs have until March 15th, 2007 (three years from the filing of the substitute for return), or, alternatively, December 3rd, 2007 (three years from the filing of the 1999 claim for refund) to claim a refund. In the former case, the filing of the tax return by the Plaintiffs constituted a claim for refund under 26 C.F.R. Section 301.6402-3(a), and was within three years of the filing of the substitute for return. Alternatively, in the later case, the filed return is the claim for refund, so this requirement was satisfied upon the filing of the return with the Internal Revenue Service on December 3rd, 2004.

18. Under the further limitation established by Title 26, United States Code, Section 6511(b), any payments made before December 3rd, 2001 (three years (including extensions) before the December 3rd, 2004 filing of the 1999 claim for refund) are not refundable.

19. As a result, the amounts withheld by employers and others during 1999, and deemed paid on April 15th, 2000, are not refundable.

20. The estimated tax deposits of $2,297,388.80 made on or about January 14th, 2004 are within the three year period (including extensions) before the filing of the 1999 claim for refund, and are fully refundable with applicable statutory interest.

21. Over six months have elapsed since the Plaintiffs filed the 1999 claim for refund. The Sarasota office of the Internal Revenue Service is currently auditing the Plaintiffs' 1999 federal income tax return. There are no unusual tax transactions reflected on the 1999 claim for refund (such as tax shelters and the like). Except for the posting of the 1999 claim for refund on the official Account Transcript (*see* Exhibit B) by the examining revenue agent, no action on the 1999 claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the United States Tax Court. The Internal Revenue Service

has refused to refund the amounts due to the Plaintiffs, and there is no reason for the Internal Revenue Service to withhold the refund due for the 1999 tax year.

22. For the reasons stated above, Plaintiffs are entitled to an income tax refund of at least $2,297,388.80 for the 1999 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon.

**COUNT TWO**
**(2000 Tax Year)**

23. Plaintiffs reincorporate the allegations set forth in paragraphs 1 through 5 above, as if fully set forth herein.

24. During 2000, Plaintiffs' employers and others withheld federal income taxes of $128,871.00, which are deemed to be paid on April 15th, 2001, pursuant to Title 26, United States Code, Section 6513. (*See* the Wage and Income Transcript attached hereto as Exhibit D, and incorporated herein by this reference).

25. Also during 2000, Plaintiffs' employers withheld excess social security tax in the amount of $30,292.00, which is deemed to be paid on April 15th, 2000, pursuant to Title 26, United States Code, Section 6513.

26. On or about November 1st, 2001, Plaintiffs made an estimated tax deposit with the IRS Atlanta, Georgia Service Center of $1,613,488.80 for the 2000 tax year.

27. On or about December 10th, 2001, Plaintiffs made an estimated tax deposit with the IRS Atlanta, Georgia Service Center of $1,141,146.47 for the 2000 tax year.

28. The estimated tax payments discussed in paragraphs 26 and 27 above are reflected as being received by the Internal Revenue Service on its official Account Transcript for the Plaintiffs' 2000 federal income tax return (a true copy of which is attached hereto as Exhibit E, and incorporated herein by this reference).

29. On or about March 15th, 2004, the Internal Revenue Service prepared a substitute for return for the Plaintiffs' 2000 federal income tax return.

30. On December 9th, 2004, the Plaintiffs filed their 2000 federal income tax return (hereinafter in this Count Two the "2000 claim for refund") reflecting a refund due of $2,910,936.00 by hand delivery to the Sarasota, Florida office of the Internal Revenue Service (a true copy of which is attached hereto as Exhibit F, and incorporated herein by this reference).

31. The 2000 claim for refund was filed with the Sarasota, Florida office of the Internal Revenue Service on December 9th, 2004, and the IRS representative receipt-stamped the taxpayers' copy of the 2000 claim for refund on the same day. All conditions precedent have been performed or have occurred with respect to the 2000 claim for refund.

32. The name, address and social security numbers of the Plaintiffs appearing on the 2000 claim for refund are as follows (Social Security Numbers are redacted pursuant to General Order No. 42A, effective November 4, 2004):

DOUGLAS R. AND JOANNE R. COLKITT
3118 DICK WILSON DRIVE
SARASOTA, FLORIDA 34240
SSN FOR HUSBAND: XXX-XX-4759
SSN FOR WIFE: XXX-XX-5787

33. The filing date for the 2000 federal income tax return was extended until October 15th, 2001. (*See* Exhibit E)

34. Under the general rule of Title 26, United States Code, Section 6511(a), the Plaintiffs have until March 15th, 2007 (three years from the filing of the substitute for return), or, alternatively, December 9th, 2007 (three years from the filing of the 2000 claim for refund) to claim a refund. In the former case, the filing of the tax return by the Plaintiffs constituted a claim for refund under 26 C.F.R. Section 301.6402-3(a), and was within three years of the filing of the

substitute for return. Alternatively, in the later case, the filed return is the claim for refund, so this requirement was satisfied upon the filing of the return with the Internal Revenue Service on December 9th, 2004.

35. Under the further limitation established by Title 26, United States Code, Section 6511(b), any payments made before June 9th, 2001 (three years and six months (including extensions) before the December 9th, 2004 filing of the 2000 claim for refund) are not refundable.

36. As a result, the amounts withheld by employers and others during 2000, and deemed paid on April 15th, 2001, are not refundable.

37. The estimated tax deposits of $1,613,488.80 and $1,141,146.47, made on or about November 1st, 2001 and December 10th, 2001, respectively, are within the three year six month period (including extensions) before the filing of the 2000 claim for refund, and are fully refundable with applicable statutory interest.

38. Over six months have elapsed since the Plaintiffs filed their 2000 claim for refund. The Sarasota office of the Internal Revenue Service is currently auditing the Plaintiffs' 2000 federal income tax return. There are no unusual tax transactions reflected on the 2000 claim for refund (such as tax shelters and the like). Except for the posting of the 2000 claim for refund on the official Account Transcript (*see* Exhibit E) by the examining revenue agent, no action on the 2000 claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the United States Tax Court. The Internal Revenue Service has refused to refund the amounts due to the Plaintiffs, and there is no reason for the Internal Revenue Service to withhold the refund due for the 2000 tax year.

39. For the reasons stated above, Plaintiffs are entitled to an income tax refund of at least $2,754,635.27 for the 2000 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon.

**COUNT THREE**
**(2001 Tax Year)**

40. Plaintiffs reincorporate the allegations set forth in paragraphs 1 through 5 above, as if fully set forth herein.

41. During 2001, Plaintiffs' employers and others withheld federal income taxes of $113,731.00, which are deemed to be paid on April 15th, 2002, pursuant to Title 26, United States Code, Section 6513. (*See* the Wage and Income Transcript attached hereto as Exhibit G, and incorporated herein by this reference).

42. Also during 2001, Plaintiffs' employers withheld excess social security tax in the amount of $31,071.00, which is deemed to be paid on April 15th, 2002, pursuant to Title 26, United States Code, Section 6513.

43. On or about December 10, 2001, Plaintiffs made an estimated tax deposit with the IRS Atlanta, Georgia Service Center of $850,000.00 for the 2001 tax year, which is deemed to be paid on April 15th, 2002, pursuant to Title 26, United States Code, Section 6513.

44. The estimated tax payment discussed in paragraph 43 above is reflected as being received by the Internal Revenue Service on its official Account Transcript for the Plaintiffs' 2001 federal income tax return (a true copy of which is attached hereto as Exhibit H, and incorporated herein by this reference).

45. On or about March 15th, 2004, the Internal Revenue Service prepared a substitute for return for the Plaintiffs' 2001 federal income tax return.

46. On December 9th, 2004, the Plaintiffs filed their 2001 federal income tax return (hereinafter in this Count Three the "2001 claim for refund") reflecting a refund due of $994,048.00 by hand delivery to the Sarasota, Florida office of the Internal Revenue Service (a true copy of which is attached hereto as Exhibit I, and incorporated herein by this reference).

47. The 2001 claim for refund was filed with the Sarasota, Florida office of the Internal Revenue Service on December 9th, 2004, and the IRS official receipt-stamped the taxpayers' copy of the 2001 claim for refund on the same day. All conditions precedent have been performed or have occurred with respect to the 2001 claim for refund.

48. The name, address and social security numbers of the Plaintiffs appearing on the 2001 claim for refund are as follows (Social Security Numbers are redacted pursuant to General Order No. 42A, effective November 4, 2004):

DOUGLAS R. AND JOANNE R. COLKITT
3118 DICK WILSON DRIVE
SARASOTA, FLORIDA 34240
SSN FOR HUSBAND: XXX-XX-4759
SSN FOR WIFE: XXX-XX-5787

49. The filing date for the 2001 federal income tax return was extended until October 15th, 2002. (*See* Exhibit H)

50. Under the general rule of Title 26, United States Code, Section 6511(a), the Plaintiffs have until March 15th, 2007 (three years from the filing of the substitute for return), or, alternatively, December 9th, 2007 (three years from the filing of the 2001 claim for refund) to claim a refund. In the former case, the filing of the tax return by the Plaintiffs constituted a claim for refund under 26 C.F.R. Section 301.6402-3(a), and was within three years of the filing of the substitute for return. Alternatively, in the later case, the filed return is the claim for refund, so

{00003783.DOC/2}

this requirement was satisfied upon the filing of the return with the Internal Revenue Service on December 9th, 2004.

51. Under the further limitation established by Title 26, United States Code, Section 6511(b), any payments made before June 9th, 2001 (three years and six months (including extensions) before the December 9th, 2004 filing of the 2001 claim for refund) are not refundable.

52. As a result, the amounts withheld by employers and others during 2001, and deemed paid on April 15th, 2002, are fully refundable with applicable statutory interest.

53. In addition, the estimated tax deposit of $850,000.00 deemed made on April 15th, 2002, is also within the three year six month period (including extensions) before the filing of the 2001 claim for refund, and is fully refundable with applicable statutory interest.

54. Over six months have elapsed since the Plaintiffs filed their 2001 claim for refund. The Sarasota office of the Internal Revenue Service is currently auditing the Plaintiffs' 2001 federal income tax return. There are no unusual tax transactions reflected on the 2001 claim for refund (such as tax shelters and the like). Except for the posting of the 2001 claim for refund on the official Account Transcript (*see* Exhibit H)by the examining revenue agent, no action on the 2001 claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the United States Tax Court. The Internal Revenue Service has refused to refund the amounts due to the Plaintiffs, and there is no reason for the Internal Revenue Service to withhold the refund due for the 2001 tax year.

55. For the reasons stated above, Plaintiffs are entitled to an income tax refund of at least $994,048.00 for the 2001 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against the Defendant, the United States of America, as follows:

1. In the amount of $2,297,388.80 for the 1999 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon;

2. In the amount of $2,754,635.27 for the 2000 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon;

3. In the amount of $994,048.00 for the 2001 tax year, or such greater amount as is legally refundable, plus statutory interest accrued thereon; and

4. For the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

**DATED** this 26th day of September, 2005.

Respectfully submitted,

ROBERT S. WILLIAMS
Florida Bar Number: 0044253
Straley Robin & Williams
100 East Madison Street, Suite 300
Tampa, Florida 33602
Phone: (813)223-9400
Fax: (813)223-5043
rwilliams@srwlegal.com
*Attorney of Record for the Plaintiffs*