IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DOUGLAS R. and JOANNE R. COLKITT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-1048 T** |
| **v.** | ) | **The Honorable Loren A. Smith** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION ENLARGEMENT OF TIME

Defendant, the United States, respectfully moves the Court for an enlargement of time of 60 days, from November 28, 2005, to and including January 27, 2006, within which to answer or otherwise respond to the complaint in the above-captioned case. This is the first enlargement requested for this purpose.

As good cause therefor, defendant states as follows:

This is a suit in which plaintiff alleges and seeks the refund of an overpayment of federal income tax. Immediately upon receipt of the Complaint, defendant's attorneys forwarded a copy to the Office of Chief Counsel, Internal Revenue Service, along with a request to assemble the relevant files, and to prepare a written recommendation respecting the legal position which the Government should adopt. Defendant's attorneys have only recently received some of the relevant files. In addition, while we have received a legal recommendation from the Office of Chief Counsel, we find that it will be necessary to request additional information from that office.

As the complaint reveals on its face, this is not a routine tax refund suit. Plaintiffs seek refunds in excess of $6 million of personal income tax for calendar 1999, 2000, and 2001. Despite the fact that those returns were due to be filed in April of 2000, 2001, and 2002 (respectively), no returns were in fact filed by plaintiffs until December, 2004, only nine months prior to the filing of the complaint in this action. Moreover, most of the amount sought by plaintiffs in this suit was paid, as "estimated income tax," long after any such payments were due. With respect to 1999, for example, plaintiff paid about $2.2 million nearly four years after the return for that year was due. For 2000, plaintiffs paid about $3 million in "estimated tax" more than six months after the return was due. With respect to each year for which a refund is sought, it appears that the basis for the claim is a reported "net operating loss" of $12.5 million for 1999, of $12 million for 2000, and of $15 million for 2001. This is not the pattern of facts normally encountered in an ordinary tax dispute between the Government and an ordinary taxpayer.

Defendant's attorneys understand that no audit or other examination of plaintiffs' returns has ever been conducted by the Internal Revenue Service. Inasmuch as these returns were never filed until less than 12 months ago, this is hardly surprising. It is likely that the Government will be forced, in effect, to audit plaintiffs' returns in this litigation.

Accordingly, it is impossible at this time to frame a meaningful response to the complaint. The time requested herein is therefore necessary for defendant's attorneys to review the materials that have recently been received, to determine what additional files or legal advice may be necessary before proceeding, to receive and review that information, and to draft a response to the Complaint.

We are advised that counsel for plaintiff will oppose this motion.

WHEREFORE, defendant prays its motion be granted.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*

November 28, 2005

s/ David Gustafson
Of Counsel