**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DOUGLAS R. and JOANNE R. COLKITT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 05-1048 T** |
| **v.** | ) | **The Honorable Loren A. Smith** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant, the United States, by way of Answer to the Complaint in the above-referenced case, respectfully denies each and every allegation contained therein not admitted below. Defendant further:

1. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admits the allegations contained in the first clause of the first sentence (ending with "Internal Revenue Service," of paragraph 2. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3. Avers that jurisdiction, if it exists, is conferred by 28 U.S.C. § 1491.

4. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5.

6. Repeats its responses as set out above.

7. Admits the allegations contained in the first clause of the first sentence of paragraph 7 (before “which are deemed”). Avers that the remaining allegations contained in paragraph 7 are legal conclusions, to which no response is required.

8. Avers that the allegations contained in paragraph 8 are legal conclusions, to which no response is required.

9. Admits the allegations contained in paragraph 9, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

10. Admits the allegations contained in paragraph 10, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

11. Admits the allegations contained in paragraph 11, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in the first portion of paragraph 13 (prior to “by overnight courier”). Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14, except avers that the document was received on December 6, 2004. Avers that the remaining allegations contained in paragraph 14 are legal conclusions, to which no response is required.

15. - 16. Admits the allegations contained in paragraphs 15 and 16.

17. - 20. Avers that the allegations contained in paragraphs 17 through 20 are legal conclusions, to which no response is required.

21. Admits the allegations contained in the first two sentences of paragraph 21. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 21. Admits the allegations contained in the first portion of the fifth sentence of paragraph 21 (prior to "and there is no reason"). With respect to the remaining allegations contained in the fifth sentence of paragraph 21, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to their truth and that, in any event, they constitute legal conclusions, to which no response is required.

22. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and avers that, in any event, they constitute legal conclusions, to which no response is required.

23. Repeats its responses as set out above.

24. Admits the allegations contained in the first clause of the first sentence of paragraph 24 (before "which are deemed"). Avers that the remaining allegations contained in paragraph 24 are legal conclusions, to which no response is required.

25. Avers that the allegations contained in paragraph 25 are legal conclusions, to

which no response is required.

26. Admits the allegations contained in paragraph 26, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

27. Admits the allegations contained in paragraph 27, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

28. Admits the allegations contained in paragraph 28, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

29. Admits the allegations contained in paragraph 29.

30. Admits the allegations contained in the first portion of paragraph 30 (prior to "by hand delivery"). Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. Admits the allegations contained in the first sentence of paragraph 31. Avers that the remaining allegations contained in paragraph 31 are legal conclusions, to which no response is required.

32. - 33. Admits the allegations contained in paragraphs 32 and 33.

34. - 37. Avers that the allegations contained in paragraphs 34 through 37 are legal conclusions, to which no response is required.

38. Admits the allegations contained in the first two sentences of paragraph 38. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the third and fourth sentences of paragraph 38. Admits the allegations contained in the first portion of the fifth sentence of paragraph 38 (prior to "and there is no reason"). With respect to the remaining allegations contained in the fifth sentence of paragraph 38, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to their truth and that, in any event, they constitute legal conclusions, to which no response is required.

39. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and avers that, in any event, they constitute legal conclusions, to which no response is required.

40. Repeats its responses as set out above.

41. Admits the allegations contained in the first clause of the first sentence of paragraph 41 (before "which are deemed"). Avers that the remaining allegations contained in paragraph 41 are legal conclusions, to which no response is required.

42. Avers that the allegations contained in paragraph 42 are legal conclusions, to which no response is required.

43. Admits that on or about December 10, 2001, plaintiff paid the amount set out in paragraph 43. Avers that the remaining allegations contained in paragraph 43 are legal conclusions, to which no response is required.

44. Admits the allegations in paragraph 44, except avers that the characterization of this amount as an estimated tax deposit is a legal conclusion, to which no response is required.

45. Admits the allegations contained in paragraph 45.

46. Admits the allegations contained in the first portion of paragraph 46 (prior to "by

hand delivery"). Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47. Avers that the remaining allegations contained in paragraph 47 are legal conclusions, to which no response is required.

48. - 49. Admits the allegations contained in paragraphs 48 and 49.

50. - 53. Avers that the allegations contained in paragraphs 17 through 20 are legal conclusions, to which no response is required.

54. Admits the allegations contained in the first two sentences of paragraph 54. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 54. Admits the allegations contained in the first portion of the fifth sentence of paragraph 54 (prior to "and there is no reason"). With respect to the remaining allegations contained in the fifth sentence of paragraph 54, avers that its attorneys are presently without knowledge or information sufficient to form a belief as to their truth and that, in any event, they constitute legal conclusions, to which no response is required.

55. Avers that its attorneys are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and aver that, in any event, they constitute legal conclusions, to which no response is required.

WHEREFORE, defendant prays that the complaint be dismissed, without prejudice, with all allowable costs assessed against plaintiff.

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*

January 27, 2006

s/ David Gustafson
Of Counsel